UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **TAUREAN YOUNG,** | |
| **Plaintiff,** | |
| v. | No. 3:24 CV 717 |
| **MISHAWAKA POLICE DEPARTMENT,** *et al.*, | |
| **Defendants.** | |

### OPINION and ORDER

Taurean Young, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (DE # 1.) Under 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to state a claim that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Young is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Young alleges that on or about June 28, 2023, law enforcement officers entered his apartment and seized cash without a warrant. Although they later obtained a warrant, he clams there was an error on the warrant in that it listed the wrong address, which in his

view made the search invalid. He further alleges the officers lied when they provided information to the judge who approved the warrant. He sues the Mishawaka Police Department and two of the officers involved, seeking $1.5 million in damages.[1]

Public records reflect that Young is currently facing federal charges of possession of methamphetamine with intent to distribute, unlawful possession of a firearm by a felon, and other offenses.[2] *See United States v. Young*, 3:23-CR-57-CCB-SJF (N.D. Ind. filed Aug. 9, 2023). In the pending criminal case, he is litigating many of the same issues he raises in his civil lawsuit regarding the propriety of the officers' actions, such as whether it was proper for them to enter his apartment and seize the cash before obtaining a warrant, whether the warrant was proper even though it listed the wrong address, and whether the officers provided inaccurate information to the approving judge when obtaining the warrant. *Id.*, DE # 32. At present, the criminal case remains pending.[3]

Young cannot litigate the same issues in two forums at the same time. Permitting such "parallel civil litigation" runs counter to "core principles of . . . comity, consistency, and judicial economy." *McDonough v. Smith*, 588 U.S. 109, 120 (2019). Allowing the civil case to proceed while the criminal case is ongoing "opens up another can of worms, because civil discovery is much broader than criminal discovery—that is, criminal

---

[1] He does not clearly identify what law enforcement agency or agencies the officers are from, but it appears that the defendant identified as "Agent Hartz" may be a federal agent. If so, a claim against him would arise under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), but the substantive constitutional claim would be the same.

[2] The court is permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

[3] He recently pled guilty to certain charges before a Magistrate Judge but his plea has not yet been accepted by the District Judge, nor has he been sentenced. *See Young*, 3:23-CR-57-CCB-SJF, ECF 39.

defendants can learn a lot more about the prosecution's case through civil discovery than they otherwise would be able to in the criminal case alone." *Commodity Futures Trading Comm'n v. Nowak*, No. 19-CV-6163, 2020 WL 3050225, at *2 (N.D. Ill. June 8, 2020). "The distinction between the two discovery protocols is not idle: criminal discovery is narrower because of concerns that criminal defendants may use this information to impede investigations into them, tamper with witnesses, or craft more airtight perjured testimony." *Id.* Given the overlap in the issues in the two cases, this concern is present here.

Young's claim that the officers fabricated evidence poses another problem. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Thus, a claim alleging fabricated evidence or other forms of wrongful prosecution cannot be brought while criminal proceedings are ongoing, and instead accrues only when "the criminal proceeding has ended in the defendant's favor, or a resulting conviction has been invalidated within the meaning of *Heck*." *McDonough*, 588 U.S. at 120-121.

The Supreme Court has directed that "[i]f a plaintiff files a [civil] claim before he has been convicted (or files any other claim related to rulings that will likely be made in a

pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action" until the criminal case ends. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Id*. at 394. That is the appropriate course here. This case will be stayed until such time as the pending criminal case against Young is resolved. Depending on the outcome of the criminal case, the court will determine at that time which of his claims in this civil case may proceed. *See Wallace*, 549 U.S. at 394.

For these reasons, this action is **STAYED** pending the resolution of *United States v. Young*, 3:23-CR-57-CCB-SJF (N.D. Ind. filed Aug. 9, 2023). The plaintiff is **ORDERED** to file a motion to lift the stay no later than 30 days after final judgment is entered in the criminal case. He is **CAUTIONED** that if he does not do so, the stay will be converted to a dismissal without prejudice. The Clerk is **DIRECTED** to **STATISTICALLY CLOSE** this case.

**SO ORDERED.**

Date: September 30, 2024

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

4